| | |
|---|---|
| 1 | KANTOR & KANTOR LLP |
| | Glenn R. Kantor (SBN 122643) gkantor@kantorlaw.net |
| 2 | Peter S. Sessions (SBN 193301) psessions@kantorlaw.net |
| | 17216 Parthenia Street |
| 3 | Northridge, California 91325 |
| | Telephone: (818) 886-2525 |
| 4 | Facsimile: (818) 350-6272 |
| 5 | Attorneys for Plaintiff |
| | Rebeca Pacheco |
| 6 | |
| | GALTON & HELM LLP |
| 7 | Robert F. Keehn (SBN 115848) rkeehn@galtonhelm.com |
| | 500 South Grand Avenue, Suite 1200 |
| 8 | Los Angeles, California 90071 |
| | Telephone: (213) 629-8800 |
| 9 | Facsimile: (213) 629-0037 |
| 10 | Attorneys for Defendants |
| | Continental Casualty Company and Symbol Technologies, Inc. Group Disability Plan |
| 11 | |
| | SEYFARTH SHAW LLP |
| 12 | Todd C. Amidon (SBN 215320) tamidon@seyfarth.com |
| | Adrienne E. Nelson (SBN 209305) anelson@seyfarth.com |
| 13 | 560 Mission Street, Suite 3100 |
| | San Francisco, California 94105 |
| 14 | Telephone: (415) 397-2823 |
| | Facsimile: (415) 397-8549 |
| 15 | |
| | Attorneys for Defendants |
| 16 | Symbol Technologies, Inc. Welfare Medical Plan, Symbol Technologies, Inc. Employee Benefit Plan, and Symbol Technologies Associate Retirement Trust |
| 17 | |

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REBECA PACHECO, | ) | Case No. C-04-05147 JW |
| | ) | |
| Plaintiff, | ) | **STIPULATION OF DISMISSAL OF** |
| | ) | **DEFENDANTS SYMBOL** |
| v. | ) | **TECHNOLOGIES, INC. WELFARE** |
| | ) | **MEDICAL PLAN, SYMBOL** |
| CONTINENTAL CASUALTY COMPANY; | ) | **TECHNOLOGIES, INC. EMPLOYEE** |
| SYMBOL TECHNOLOGIES, INC. LONG | ) | **BENEFIT PLAN, AND SYMBOL** |
| TERM DISABILITY PLAN; SYMBOL | ) | **TECHNOLOGIES ASSOCIATE** |
| TECHNOLOGIES, INC. MEDICAL PLAN; | ) | **RETIREMENT TRUST** |
| SYMBOL TECHNOLOGIES, INC. LIFE | ) | |
| INSURANCE PLAN; SYMBOL | ) | |
| TECHNOLOGIES, INC. | ) | |
| PENSION/RETIREMENT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Stipulation of Dismissal / Case No. C-04-05147 JW

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), plaintiff Rebecca Pacheco and defendants Continental Casualty Company, Symbol Technologies, Inc. Group Disability Plan (erroneously sued as "Symbol Technologies, Inc. Long Term Disability Plan"), Symbol Technologies, Inc. Welfare Medical Plan ("Medical Plan") (erroneously sued as "Symbol Technologies, Inc. Medical Plan"), Symbol Technologies, Inc. Employee Benefit Plan ("Life Plan") (erroneously sued as "Symbol Technologies, Inc. Life Insurance Plan"), and Symbol Technologies Associate Retirement Trust ("401(k) Plan") (erroneously sued as "Symbol Technologies, Inc. Pension/Retirement Plan") stipulate that Medical Plan, Life Plan, 401(k) Plan, and all causes of action, claims, issues, and allegations asserted against Medical Plan, Life Plan, and 401(k) Plan are dismissed without prejudice. Each party shall pay her or its attorneys' fees and costs in connection with Medical Plan's, Life Plan's, and 401(k) Plan's involvement in this action.

DATED: October 25, 2005

KANTOR & KANTOR LLP

By _____
Peter S. Sessions
Attorneys for Plaintiff
REBECA PACHECO

DATED: October 25, 2005

GALTON & HELM LLP

By _____
Robert F. Keehn
Attorneys for Defendants
CONTINENTAL CASUALTY COMPANY
AND SYMBOL TECHNOLOGIES, INC.
GROUP DISABILITY PLAN

```
1   DATED: October 17, 2005                SEYFARTH SHAW LLP
2
3                                           By /s/ Todd C. Amidon
                                               Todd C. Amidon
4                                           Attorneys for Defendants
                                            SYMBOL TECHNOLOGIES, INC.
5                                           WELFARE MEDICAL PLAN, SYMBOL
                                            TECHNOLOGIES, INC. EMPLOYEE
6                                           BENEFIT PLAN, AND SYMBOL
                                            TECHNOLOGIES ASSOCIATE
7                                           RETIREMENT TRUST
8
9        I attest that I obtained Robert F. Keehn's and Todd C. Amidon's concurrences in the
10  filing of this document. I will maintain records to show this concurrence for subsequent
11  production for the Court if so ordered or for inspection upon request by a party until one year
12  after final resolution of this action (including appeal, if any).
13  DATED: October 25, 2005
14
15                                          _____
                                                       Peter S. Sessions
16
17  SO ORDERED.
18
19  DATED: October 26, 2005
                                            _____
20                                                     James Ware
                                                       United States District Judge
21  SF1 28222118.1 / 24402-000031
```

3
Stipulation of Dismissal / Case No. C-04-05147 JW

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 17216 Parthenia Street, Northridge, CA 91325.

On October 26, 2005, I served the foregoing document described as Stipulation of Dismissal of Defendants in this action by personally serving a true copy thereof addressed as follows:

| | |
|---|---|
| Robert F. Keehn, Esq.<br>Galton & Helm<br>500 South Grand Avenue, Suite 1200<br>Los Angeles, California 90071-2602 | Attorneys for Defendant Continental Casualty Company and Symbol Technologies, Inc. Group Disability Plan |

[X] (BY MAIL) I deposited such envelope in the mail at Northridge, California. The envelope was mailed with postage thereon fully prepaid.

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Northridge, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ] (BY FACSIMILE) I faxed such document to the facsimile number above following regular business practices.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 26, 2005, Northridge, California.

Denise Anderson